FILED

MAR 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY & COUNTY OF HONOLULU,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>SUNOCO LP; et al.,<br><br>        Defendants-Appellants,<br><br> and<br><br>DOES, 1 through 100 inclusive,<br><br>        Defendant. | No. 21-15313<br><br>D.C. No. 1:20-cv-00163-DKW-RT<br>District of Hawaii,<br>Honolulu<br><br>ORDER |
| COUNTY OF MAUI,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>CHEVRON USA INC.; et al.,<br><br>        Defendants-Appellants. | No. 21-15318<br><br>D.C. No. 1:20-cv-00470-DKW-KJM |

Before: M. SMITH and BADE, Circuit Judges.

    Appellees City & County of Honolulu and County of Maui filed substantially similar complaints in state court against the same group of energy companies, alleging (among other things) concealment of the dangers of fossil

MN/MOATT

fuels to the climate, and asserting claims for public nuisance, private nuisance, strict liability failure to warn, negligent failure to warn, and trespass. In both matters, Appellants Chevron Corporation and Chevron U.S.A., Inc. removed the complaints to federal court asserting several grounds for subject-matter jurisdiction, including jurisdiction under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1).

In an order filed February 12, 2021, the district court determined that it lacked subject-matter jurisdiction and granted Appellees' motions to remand the actions to state court. The district court granted a temporary stay of the remand order until March 15, 2021 to allow this court time to consider any further motions to stay. On March 8, 2021, Appellants filed emergency motions for stay pending appeal in case Nos. 21-15313 and 21-15318. We deny the motions.

We conclude that Appellants have failed establish that they will suffer irreparable injury absent a stay of the district court's remand order. Appellants argue that, if the cases are remanded, the parties will be required to litigate the merits of Appellees' claims in state court simultaneously with these appellate proceedings, which will lead to increased litigation burdens and possible inefficiencies if this court later finds the cases were properly removed. These considerations, however, do not rise to the level of irreparable harm. *See, e.g., California ex rel. Christensen v. FTC*, 549 F.2d 1321, 1323 (9th Cir. 1977)

(litigation expenses do not constitute irreparable injury). Moreover, the theoretical possibility that the state court could irrevocably adjudicate the parties' claims and defenses while these appeals are pending also falls short of meeting the demanding irreparable harm standard. *See Doe #1 v. Trump*, 957 F.3d 1050, 1062 (9th Cir. 2020) (A stay applicant must show "that irreparable injury is likely to occur during the period before the appeal is decided.").

We also conclude that Appellants have not made a sufficient showing on the merits considering our recent opinions rejecting the very same jurisdictional arguments advanced in the motions to stay. *See County of San Mateo v. Chevron Corp.*, 960 F.3d 586 (9th Cir. 2020); *City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020).

Accordingly, we deny Appellants' motions (Docket Entry No. 16 in 21-15313; Docket Entry No. 18 in 21-15318) to stay the district court's February 12, 2021 order pending appeal.

The previously-established briefing schedules remain in effect.